The Honorable Randy Laverty State Senator P.O. Box 303 Jasper, Arkansas 72641
Dear Senator Laverty:
I am writing in response to your request for an opinion on the levy of a millage in the City of Harrison to fund the "Firemen's Pension and Relief Fund." Specifically, you recite the following:
 As background, the citizens of Harrison in 1956 approved the levy of a one mil tax to fund a `Firemen's Pension and Relief Fund.' The one mil (.001) levy continued until 1980 when Amendment 59 was passed. With the rollback, the levy dropped to .0004 mil (four-tenths of a mil). With only .0004 mil going into the fund, it is not actuarially sound and will not be sufficient to meet the retirement amounts earned by the firemen.
 The fund board has been informed that if they can restore the tax millage back to a full one mil, the fund could then participate in the state guarantee fund from insurance premiums. With this new source of funds, in a few years the account would be replenished. The Harrison City Council wants to restore the levy to one mil, under authority of Arkansas Code Annotated 24-11-812, without having to go back to the electorate to approve the increase. The city council would like to avoid the expense and trouble of gearing up for an election.
Your question with regard to these facts is as follows:
 Does Arkansas Code Annotated 24-11-812 give the Harrison City Council the authority to restore the tax millage back to a full one mil without a public vote which would be reflective of the 1956 vote?
RESPONSE
In my opinion the answer to your question is "no."
The question you pose is very similar to the fact situation addressed by the Arkansas Supreme Court in Wright v. Storey, 298 Ark. 508,769 S.W.2d 16 (1989), reh. denied, 772 S.W.2d 598 (1989). In Wright, the City of Hot Springs was ordered by the trial court to refund taxes collected in much the same manner as proposed above. The Arkansas Supreme Court affirmed that holding.
In Wright, the facts showed that the residents of the City of Hot Springs in 1941 approved a property tax levy of up to one mill to provide a fund for police pensions and up to one mill for firefighter pensions under Arkansas Constitution, Amendment 31.[1] "This tax was collected until the passage of Amendment 59 in 1980, at which point the taxes were rolled back to .4 mill for each fund. The reduced amount was collected until 1986 and 1987 when the city board certified one mill although no further election had occurred." Id. at 508-509.
The Court held that this action violated Amendment 59, stating:
 Assuming the rollback from one mill to .4 mill was done to comply with Amendment 59, the city was thereafter collecting the same revenues it had collected at one mill on the taxes in question. To allow the city then to return to the old rate (clearly in excess of 10% over the base year) on the newly increased appraised value of personal property would violate Amendment 59, even though it might seem permitted, literally, by amend. 31.
Id. at 509 and 510-C.[2]
The statute you cite, A.C.A. § 24-11-812, is the enabling legislation for Amendment 31. See Ops. Att'y. Gen. 2003-222 and 2003-036. I can perceive no important distinction between the facts discussed in Wright and those you present. The statute you reference cannot authorize any action contrary to the constitutional dictates discussed in Wright. Although theWright court was divided and two judges dissented and three would have granted rehearing, it remains the law. I must conclude therefore that the answer to your question is "no," the City Council does not have the authority to "restore the tax millage back to one full mill without a public vote. . . ."
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Amendment 31 provides as follows: "After consent of the majority of those voting on the question at any general or special election in cities of the first or second class, the cities may annually thereafter, levy a tax on the assessed value of real and personal property, not to exceed two mills on the dollar, from which there shall be created a Fund to pay Retirement Salaries and pensions to policemen and firemen theretofore or thereafter earned, and pensions to the widows and minor children of such, as may be provided by law. The annual levy for the Policeman's Retirement Salary and Pension Fund shall not exceed one mill on the dollar, and the annual levy for the Fireman's Retirement Salary and Pension Funds, shall not exceed one mill on the dollar. The manner of such levy of the tax, and the eligibility for the retirement salaries and pensions, the several amounts thereof and when payable, shall be such as may be provided by law."
[2] Although the court denied rehearing the Wright, it did substitute one line in the court's opinion to avoid misinterpretation.